# EXHIBIT 6



U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

NOV 2 0 2013

Ms. Karen Seng
Redacted
Redacted

Re: OSC File No. MA-13-2665

Dear Ms. Seng:

    This letter is in response to the complaint you filed with the U.S. Office of Special Counsel against the Department of Veterans Affairs. In your complaint, you allege reprisal for filing a union grievance. The Complaints Examining Unit has carefully considered the information you provided. Based on our evaluation of the facts you allege and the applicable law, we have made a preliminary determination to close our inquiry into your allegations.

    The Office of Special Counsel (OSC) is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). Under provisions of 5 U.S.C. § 7121(g)(2), an aggrieved employee affected by a prohibited personnel practice may elect not more than one of the following remedies: (1) to exercise his/her right to pursue this matter under his/her agency's negotiated grievance procedure, if any; (2) to file a timely appeal to the Merit Systems Protection Board; or (3) to submit a complaint to the Office of Special Counsel. The Removal Letter specifically indicated that you could appeal the removal to the Merit Systems Protection Board, seek corrective action from OSC, file a grievance under the negotiated grievance procedures, or file a discrimination complaint.

    Although you had previously filed with OSC concerning your proposed removal and other matters, you did not amend your complaint or otherwise inform us of your removal until after you filed a union grievance on the removal on May 13, 2013. The Removal Letter specifically stated "whichever is filed first, an appeal to the MSPB, an appeal or corrective action to OSC, a grievance under the negotiated grievance procedure, or a discrimination complaint, shall be considered an election by you to proceed under that appeal process." Because the information provided indicates that the first action filed on the removal decision was a union grievance, we have no authority to seek corrective action for the removal.

    Because the other actions (proposed removal, reassignment, appointment, change in working conditions) appear to be superseded by the removal, for which we are unable to seek corrective action (we could not seek to correct those actions without addressing the removal), we have no basis to further inquiry into your allegation that those actions were the result of reprisal. Additionally, you allege that you were charged Absent Without Leave (AWOL) on several occasions as reprisal for engaging in protected activity. However, the information provided is insufficient to suggest that you were charged AWOL as reprisal for engaging in activity protected under 5 U.S.C. § 2302(b)(9).

U.S. Office of Special Counsel
Ms. Karen Seng
MA-13-2665
Page 2

Moreover, it appears that in your response to the proposed removal, you indicated that the AWOL charges resulted from the Agency's refusal to provide you a reasonable accommodation for your disability. Discrimination based on a handicapping condition is a prohibited personnel practice. 5 U.S.C. § 2302(b)(1). However, as noted in OSC's regulation at 5 C.F.R. § 1810.1, it was not intended that this office duplicate or bypass the procedures established in the agencies and the Equal Employment Opportunity Commission for resolving such allegations. It is the policy of the Special Counsel not to take action on such allegations as they are more appropriately resolved through the EEO process. In light of the information you have provided, we find no reason to depart from our policy in this matter. Thus, we will take no further action concerning your allegation of discrimination. This decision is not a judgment on the merits of your claim.

For the foregoing reasons, we have no basis for further inquiry into your complaint as possible violations of 5 U.S.C. §§ 2302(b)(1), (b)(9), or any other prohibited personnel practice over which we exercise jurisdiction. However, as previously stated, our determination to close our inquiry into your complaint is only preliminary. You have an opportunity to submit comments or additional information concerning our determination. Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint. You have *13 days from the date of this letter* to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing the file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Alissandra Geliga
Attorney
Complaints Examining Unit